# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **L'MON WASHINGTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:17-cv-579-AKK** |
| **THE SCION GROUP, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

L'Mon Washington filed this lawsuit in the Small Claims Court of Jefferson County against the Scion Group, LLC and Jennifer Roswold alleging numerous claims under state and federal law. Doc. 1-1. The defendants removed this case based on federal question jurisdiction. Doc. 1. The court now has for consideration Defendants' motion to dismiss, in which Defendants seek dismissal of all claims alleged by Washington. Doc. 3. For the reasons below, the motion is due to be granted solely as to the claim(s) under federal law.

First, the court agrees with Defendants that the Heath Insurance Portability and Accountability Act of 1996 ("HIPAA") does not provide a private cause of action. *Bradley v. Pfizer, Inc.,* 440 F. App'x 805, 809 (11th Cir. 2011) ("[T]here is no private right of action for a violation of HIPAA's confidentiality provisions.")

1

(citing *Ancara v. Banks,* 470 F.3d 569, 571–72 (5th Cir. 2006)); *Sneed v. Pan American Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) (same). Therefore, as to the HIPAA claim, Defendants' motion to dismiss is **GRANTED**.

Second, to the extent that Washington intended to bring a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, any such claim is also due to be dismissed because it is insufficiently pleaded. Title VII is not a civility code and does not apply to "the ordinary tribulations of the workplace." *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). For a hostile work environment claim predicated under Title VII, the court looks at a variety of factors, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonable interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993). Even considering the additional allegations Washington raised in response to the motion to dismiss, *see* doc. 8, the claim, as pleaded, fails to sufficiently demonstrate the extreme conduct that would constitute a hostile work environment under Title VII. *Harris,* 510 U.S. at 23. As such, the Title VII claim, if any, is **DISMISSED without prejudice.**

Finally, because Defendants removed this case on federal question jurisdiction, and no federal law claims remain, the court **DECLINES** to exercise

jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). *See also Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.,* 561 F.3d 1294, 1296 (11th Cir. 2009) ("The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time."); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty. Fla.,* 402 F.3d 1092, 1123 (11th Cir. 2005) (where "no basis for original federal jurisdiction exists . . . the district court has discretion to decline to exercise supplemental jurisdiction."). Accordingly, the court **REMANDS** the state law claims back to the Small Claims Court of Jefferson County where they properly belong.

In light of this Order, Washington's request to amend and to allow her thirty (30) days "to find suitable counsel for representation now that the matter is in district court," doc. 8 at 2, is **MOOT.**

**DONE** the 25th day of May, 2017.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE